1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

NORTHWEST ADMINISTRATORS, INC.,

Plaintiff,

v.

SUPPORT TERMINAL SERVICES, INC., d/b/a
ST SERVICES,

Defendant.

CASE NO. C05-0795RSM

ORDER ON DEFENDANT'S MOTION
TO DISMISS

16

        This matter is before the Court for consideration of defendant's motion to dismiss or, in the
alternative, to compel the grievance and arbitration process.  The Court has considered the motion,
opposition, and reply, together with the attached exhibits, and now DENIES the motion for the reasons
set forth below.

                                    DISCUSSION

        Plaintiff Northwest Administrators, Inc., ("NWA") filed this action pursuant to §§ 502(e)(1) and
(f) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1) and (f), seeking
additional contributions to the Western Conference of Teamsters Pension Trust Fund ("Trust Fund")
which are allegedly due under a collective bargaining agreement ("CBA") between defendant and Local
305 of the International Brotherhood of Teamsters.   In moving to dismiss, defendant asserts that this
dispute is one governed by an arbitration clause in the CBA.  Plaintiff, in opposition, argues that it is not

27
28

 ORDER ON DEFENDANT'S MOTION TO
DISMISS - 1

a party to the CBA and therefore not bound by the arbitration clause.

The complaint alleges, in ¶ VI, that defendant is obligated to pay contributions for all employees who are member of the bargaining unit represented by the local union. Those bargaining unit members are defined by plaintiff as "any of the Defendant's part-time or full-time employees who perform any work task covered by the Defendant's collective bargaining agreements with the Local, whether or not those employees ever actually join the Local." Id. It is defendant's position that its obligation to pay contributions on behalf of part-time or contract employees is in dispute, and that dispute can only be resolved by interpretation of the CBA. Section XV of the CBA provides that "all disputes involving the application or interpretation of the Agreement shall be submitted to the grievance procedure contained herein. . .." Labor Agreement between ST Services Corporation and Teamsters Local Union No. 305 ("CBA"), Section XV. If the dispute cannot be resolved in the grievance, the matter proceeds to arbitration. Id. Defendant contends that under the "all dispute" language of the arbitration clause, this dispute over the Trust Fund contributions can only be decided under the grievance and arbitration procedure specified in the CBA, not by litigation in this Court.

In response, plaintiff asserts that it is not a party to the CBA and not bound by the arbitration clause therein. Instead, plaintiff has brought suit under ERISA, pursuant to the Declaration of Trust and Pension Plan ("Trust Agreement"), to which both defendant employer and the union agreed to be bound. That agreement is found in the Employer-Union Pension Certification ("Certification"), signed by both the union and the employer, and accepted by the Trust Fund. Declaration of Donald Ditter, Exhibit B. The Trust Agreement specifically provides that the Trust may institute legal proceedings to collect delinquent employer contributions. Trust Agreement, Article IV, Section 4.

The Supreme Court has ruled that the usual presumption in favor of arbitrability in labor disputes between union and employer does not apply to disputes between trustees and employers, "even if those disputes raise questions of interpretation under the collective-bargaining agreements." Schneider Moving & Storage Company v. Robbins, 466 U.S. 364, 372 (1984). The Court stated that it was "unreasonable to infer" that the parties to the Trust Agreement would agree to subordinate the enforcement mechanisms

ORDER ON DEFENDANT'S MOTION TO
DISMISS - 2

in that agreement to "whatever arbitration procedures might be required by a particular employer's collective-bargaining agreement." Id. at 374.   Instead of applying inferences, the Court looked to the specific language of the two agreements to determine the intent of the parties. Id. at 372-73.

Defendant argues that this matter is controlled by language in the arbitration clause that "**all** disputes involving the **application or interpretation** of the Agreement", because a determination with respect to contributions from part-time employees necessarily involves interpretation of terms of the CBA which define "employees".  However, when the arbitration clause is read in its entirety, it becomes clear that it is only meant to apply between the signing parties, the employer and the union.  Paragraph A of the arbitration clause states,

> It is agreed that during the term of this Agreement all disputes involving the application or interpretation of this Agreement shall be submitted to the grievance procedure contained herein, and that no cessation of work by either party shall take place unless one of the parties fails to comply with the decision rendered by this procedure.

CBA Section XV.  The reference to "either party" contemplates only two parties, namely the two who actually signed the CBA.  Further, the reference to work stoppages only makes sense in the context of employer and union.  Notably absent from the clause is any language imposing the arbitration requirement on anyone other than the actual parties to the CBA, or even making it possible for a third party to file a grievance and initiate the process.

Defendant would have this court look to a decision out of the Northern District of Illinois for guidance in this matter. Jaffee v. Shanin Company, 763 F. Supp. 286 (N.D. Ill. 1991).  In Jaffee, the district court ruled that a dispute over whether certain contributions were "delinquent" should be submitted to arbitration, because resolution of the dispute required interpretation of the terms of the bargaining agreement.   Even if that decision were binding on this Court, which it is not,[1] it is inapplicable to the facts of this case.  The arbitration clause at issue in Jaffee was very broad, covering "**any** disagreement or dispute in **any** Company." Id at 290 (emphasis in original).  Moreover, and very significant to the Jaffee court's decision, there was no separate trust agreement.  Id.   The rights and

---

[1] Indeed, a different judge of the Illinois court declined to follow Jaffee thirteen years later, noting that it was non-binding even on the same court. Barnes v. Duffy, 2004 WL 2931326 (N.D.Ill. 2004).

ORDER ON DEFENDANT'S MOTION TO
DISMISS - 3

1   obligations of the union, employer, and trust fund were all set forth in the collective bargaining

2   agreement, and the trust fund was expressly made a party to that agreement.  Id.  That is not the case

3   here.

4           The parties' relations with respect to delinquent contributions here are governed by the Trust

5   Agreement, which contains clear language binding the employer and the union to its terms.  In addition to

6   the explicit agreement to be so bound in the Certification signed by defendant and the union, there is the

7   following language in Article IV regarding collection of employer contributions:

8        Section 4.— Collection Actions:

9           (a) The Trustees may, but shall not be required to, institute legal proceedings to collect delinquent Employer Contributions, interest, liquidated damages, and attorneys'
10      fees.  Such proceedings may be instituted by the Administrative Manager of the Trust Fund if he has received general or specific instructions from the Trustees to do so, and
11      may be brought in the name of the Trust Fund or the claim may be assigned to a third person for collection.

12      . . . .

13

14           (c) The Trustees may allocate to two Trustees, one of whom shall be a Union Trustee and one an Employer Trustee, the authority to compromise and settle such
15      collection actions on such terms and for such amounts as they consider reasonable, prudent and appropriate under the circumstances.  Any such compromise and settlement
16      shall be binding and conclusive on the Trustees, Trust Fund, Unions, Employers, and Employees and their beneficiaries.

17        Section 5. — Agreement of Employers:

18           By accepting this Agreement and Declaration of Trust, all Employers agree to be bound by the provisions of this Article IV, and all other Employer obligations set forth
19      in this Agreement and Declaration of Trust.

20   Declaration of Trust, Article IV.  This language, which clearly indicates the intent of employer, union,

21   and Trust Fund, contrasts starkly with the silence in the CBA with respect to application of the arbitration

22   clause to anyone other than the  parties who actually signed it.

23           Finally, the Court notes again the reasoning in Schneider that

24      the enforcement mechanisms established in the trust agreements protect the collective interests of the parties from the delinquency of individual employers by allowing the
25      trustees to seek prompt judicial enforcement of the contribution requirements.   It is unreasonable to infer that these parties would agree to subordinate those mechanisms to
26      whatever arbitration procedures might be required by a particular employer's collective-bargaining agreement.

27

28   ORDER ON DEFENDANT'S MOTION TO
DISMISS - 4

1    <u>Schneider</u>, 466 U.S. at 375.   Thus, rather than apply such an unreasonable inference, the Court finds that

2    the parties' intent to allow judicial resolution of this matter is manifested by the language in the Trust

3    Agreement and Certificate set forth above.  This Court therefor may resolve the dispute over delinquent

4    payments, even though it raises questions of interpretation of terms under the collective-bargaining

5    agreement.  <u>Schneider Moving & Storage Company v. Robbins</u>, 466 U.S. 364, 372 (1984).

6         Defendant's motion to dismiss or to compel arbitration is accordingly  DENIED.

7

8         DATED this 1st day of September, 2005.

9

10

11

12    RICARDO S. MARTINEZ
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ORDER ON DEFENDANT'S MOTION TO
      DISMISS - 5